# UNITED STATES DISTRICT COURT
of the
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Allen Egon Cholakian, | ) | |
| | ) | |
| *Plaintiff* | ) | **Civil Action** |
| | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| Commissioner, United States Internal Revenue Service; Commissioner, Commonwealth of Massachusetts Department of Revenue; City of Cambridge; Helena Ho; Zhaohua Peng Wei He; John / Jane Does A-Z | ) ) ) ) ) ) | Case No. _____ |
| | ) | |
| *Defendants* | ) | |

## COMPLAINT

### PARTIES

(See Attached: Schedule of Plaintiff | Defendant Contact Particulars)

Plaintiff

1. *Plaintiff*, Allen Egon Cholakian, is a resident of the City of Cambridge, in the County of Middlesex, Commonwealth of Massachusetts, and a citizen of the United States.

-Page 1-

Defendant(s)

1. *Defendant*, Commissioner, United States Internal Revenue Service, is a Bureau of the Department of the Treasury of the United States Government headquartered in the City of Washington, District of Columbia.

2. *Defendant*, Commissioner, Commonwealth of Massachusetts Department of Revenue, is an Agency of the Commonwealth of Massachusetts headquartered in the City of Boston, County of Suffolk, Commonwealth of Massachusetts.

3. *Defendant*, City of Cambridge, is a municipality of the Commonwealth of Massachusetts, located in the County of Middlesex, Commonwealth of Massachusetts.

4. *Defendant*, Helena Ho, is a resident of the City of Starkville, in the County of Oktibbeha, State of Mississippi, with citizenship unknown.

5. *Defendant*, Zhaohua Peng Wei He, is a resident of the City of Starkville, in the County of Oktibbeha, State of Mississippi, with citizenship unknown.

6. *Defendant(s)*, John / Jane Does A-Z will be determined in the course of discovery (Domiciles and Nationalities as yet unknown).

## INTRODUCTION

7. This is a complex civil action integrating willful and intentional violations of Section 482 of the U.S. Internal Revenue Code with respect to the operation of an unlicensed multi-state hotel network, along with a civil action for RICO remedies authorized by the federal statutes at 18 U.S.C. 1961 *et seq*; for declaratory and injunctive relief; for actual, consequential and exemplary damages; and for all other relief which this Federal District Court deems just and proper under all circumstances which have occasioned this Initial COMPLAINT.

## JURISDICTION

8. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## FACTS

9. <u>Overview</u>:   Plaintiff (a senior citizen) is a designate tenant in a triplex residential investment property located at 33 Jefferson Street, 2nd Floor, Cambridge MA ("Cambridge Property"), with said property being owned by defendants Helena Ho and Zhaohua Peng Wei He (and possibly unknown others). The Cambridge Property (valued at approximately $1,500,000) is divided into three, three bedroom apartments (one apartment per floor), with the 2nd floor being leased by A. Egon Cholakian & Co., LLC (a registered New York State LLC owned by plaintiff), under a seventeen month lease agreement terminating in August of 2018), and floor(s) 1 and 3 being leased by the same unknown commercial entity (operating both apartments as an unlicensed hotel [as part of a multi-state syndicate]).  Please Note: a separate action will be commenced by A. Egon Cholakian & Co., LLC within the immediate future, and joined herewith. Please refer to Exhibit "A" – Lease Agreement.

10. <u>Overview</u>:   In a concerted effort to force plaintiff to terminate his lease (and prematurely vacate the premises), in favor of converting the 2nd Floor Unit of the Cambridge Property to the charge of the said unknown commercial entity (to be operated as an unlicensed hotel), an ever escalating pattern of predicate acts have been, and; are currently being routinely visited upon the plaintiff by defendants Helena Ho; Zhaohua Peng Wei He, and specific management of the unknown commercial entity operating the 1st and 3rd Floors of the Cambridge Property. Recent examples include;

11. A break-in was recently foiled by plaintiff when the cleaning boy (then an individual wholly unacquainted with plaintiff, with name still unknown [a full-time employee of the unknown commercial entity who resides on the 3rd floor to manage the hotel operations]) was caught attempting to enter plaintiffs apartment (without plaintiffs consent, authorization or knowledge) with master keys that could only have been provided by the property owners, plaintiffs Helena Ho; Zhaohua Peng Wei He et al – resulting in a heated physical confrontation at the entry of plaintiffs apartment between a young man (age, approximately 29) and plaintiff, a 68 year old senior citizen. And;

12. Upon activating the 1st Floor fire alarm system late one evening in very recent past, and endeavoring to rectify the matter by removing various fire detection devices from their individual ceiling mounts, plaintiff challenged the same cleaning boy and unknown others wholly affiliated with the unlicensed hotel operations, by advising that their actions would be reported to the Cambridge Fire Marshall if the same fire detection devices were not immediately reinstalled – resulting in an exchange of foul language and the threat of physical harm being visited upon plaintiff. And;

13. When challenging the authority under which the backyard common area lawn space was being permanently denied access by plaintiff, his guest(s) and grandchildren, as recent as one week past, the cleaning boy, an employee of the unknown commercial entity operating the unlicensed 1st floor and 3rd floor hotel advised that *"Claire"* (an individual totally unknown to plaintiff) had made the determination. The gent then aggressively pursued plaintiff and guest(s) to his front door provoking a physical confrontation the entire way. And;

14. Upon returning to his residence late in the evening this past week and endeavoring to gain access to his apartment with the same cleaning boy employee of the unknown commercial entity operating the unlicensed 1st and 3rd floor hotel *pasted out* on the floor of the back porch, the gent (upon awakening) draw what appeared to be a screw driver on plaintiff – advising that plaintiff *"watch his back"*, etc…. (Denying plaintiff access to his residence). And;

15. Commencing approximately six weeks past a campaign was initiated by the unknown commercial entity which involves the strategic placement of (large lettered, felt tipped) handwritten insulting and degrading notes throughout the 33 Jefferson Street, Cambridge MA property aimed at plaintiff, and his guests, and wholly intended to provoke physical confrontation and / or personal character injury to plaintiff (Please Note: the word *"Fucking"* is typically employed as the language of choice in said notes). Please refer to accompanying Exhibit "B" - A note left on a colleagues bicycle seat on Monday, 10th July 2017.

16. Throughout the entire three month ordeal plaintiff has been informed by individuals associated with the unknown commercial entity operating the unlicensed hotel network that the individuals of *"Claire"* and *"Mohammad"* have authorized the preceding and other actions to be undertaken. And, upon demanding the full and complete identity of *"Claire"* and *"Mohammad"*, and the unknown commercial entity operating the unlicensed hotel network, such information and insight has been denied the plaintiff.

Further;

17. Whereas defendants Helena Ho and Zhaohua Peng Wei He are intimately aware of plaintiffs discreet professional international arbitration, adjudication and mediation background and practice activities (obtained in the course of receiving lease agreement approval by the same individuals), this very same confidential insight has been shared with the unknown commercial entity operating the unlicensed hotel network in further-

ance of prosecuting their mission to obtain plaintiffs 2nd floor apartment for the expansion of their unlicensed hotel network. *To Wit;*

18. On virtually all physical and near-physical confrontations with individuals associated with the unknown commercial entity operating the unlicensed hotel network, plaintiffs name *"Egon"* has been employed (including the attempted break-in event), and; reference has similarly been made as to plaintiffs professional activities within the international arena (information heretofore not shared with individuals residing on Jefferson Street). And;

19. Upon advising the cleaning boy employed by the unknown commercial entity operating the unlicensed hotel network that the matter of his / their conduct was to be introduced into the court system the week of 10th July 2017, plaintiff was duly advised by the gent (allegedly after consulting with *"Claire"* and *"Mohammad"*) that plaintiffs professional activities would be *"coming to an end"*. Responding to the threat, plaintiff was further advised that *"Clare and Mohammad have already met with the IRS and other state and federal government agencies, and that (plaintiff) would soon be arrested"*. In the course of subsequent heated dialogue, plaintiff was duly informed that (essentially) pursuant to meetings with the U.S. Internal Revenue Service and the MA Department of Revenue, City of Cambridge, and *"Claire"* and *"Mohammad"*, *"Egon was going to be out of his apartment by the end of July"*, Etc………….

## Relief

A. Plaintiff feels it would be premature and reckless to seek concise damages at the outset of this civil action in light of the on-going pattern of behavior embraced by Defendant(s). Instead, Plaintiff now merely seeks (initially) accommodation from the Court in furtherance of commencing discovery proceedings early-on, with permission to <u>file an Amended Complaint beyond the initial 21 day parameter which would then capture the full scope and depth of events which have given rise to this ACTION, and thus permit Plaintiff the articulate corresponding Counts and Relief with greater accuracy.</u>

B. Defendant(s), Helena Ho; Zhaohua Peng Wei He, and; John / Jane Does A-Z should be compelled (initially) to show cause on precisely why the habits of Plaintiff warrant consideration of arrest from the Commissioner(s), United States Internal Revenue Service and Commonwealth of Massachusetts Revenue Department, and why (and by whom) such privileged knowledge would be shared with Defendant(s), Helena Ho; Zhaohua Peng Wei He, and; John / Jane Does A-Z by the Commissioner(s).

C. Defendant(s), Helena Ho; Zhaohua Peng Wei He, and; John / Jane Does A-Z should be compelled to so cause on precisely why the habits of Plaintiff warrant consideration in the form of a punitive action by the City of Cambridge MA against Plaintiff, and why (and by whom) such privileged knowledge would be shared with Defendant(s), Helena Ho; Zhaohua Peng Wei He, and; John / Jane Does A-Z by the City of Cambridge MA.

D. Plaintiff seeks an Order for Restraint against Defendant(s), Helena Ho; Zhaohua Peng Wei He, and; John / Jane Does A-Z, staying any further assault or provocation (physical, verbal, or otherwise).

## Certification

20. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

21. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address or file with the Clerk's Office may result in the dismissal of my case.

July 13, 2017



Allen Egon Cholakian

-End-

## Schedule of Plaintiff | Defendant Contact Particulars

**Page I of II**

**Plaintiff**

    Allen Egon Cholakian
    P.O. Box 380477
    Harvard Square Station
    Cambridge MA 02238 USA

    T.    617 / 821-6468
    E.    Egoncholakian@gmail.com

**Defendant(s)**

    Commissioner
    United States Internal Revenue Service
    1111 Constitution Avenue, NW
    Washington, DC 20224

    T.    TBD
    E.    TBD

    Commissioner
    Commonwealth of Massachusetts Department of Revenue
    P.O. Box 9567
    Boston MA 02114

    T.    TBD
    E.    TBD

    City of Cambridge
    795 Massachusetts Avenue
    Cambridge MA 02139

    T.    617 / 349-4000
    E.    TBD

## Schedule of Plaintiff | Defendant Contact Particulars

**Page II of II**

Helena Ho
202 Oakmont Road
Starkville MS 39759-5513

T.   TBD
E.   Helina12@yahoo.com

Zhaohua Peng Wei He
202 Oakmont Road
Starkville MS 39759-5513

T.   TBD
E.   TBD

John / Jane Does A-Z

T.   TBD
E.   TBD