Exhibit "A"

## STANDARD RESIDENTIAL LEASE
### (Fixed Term)


MASSACHUSETTS ASSOCIATION OF REALTORS®

1. **Parties.** Wei He _____,
the "LANDLORD", whose address and telephone number are   202 Oakmont Rd, Starkville, MS  39759-5513
_____ ,  (662)518-1345 _____ , agrees to rent to
A. E. Cholakian & Co., LLC _____ , the "TENANT",
whose current home address and telephone number are   P.O. Box 380477, Harvard Square Station,
Cambridge, MA  02238 _____ , (617)821-6468 _____ the premises described in paragraph 2, below.

2. **Description Of Premises.** The premises (the "Premises") are described as [insert street address and apartment no.]   _____ 33 Jefferson St # 2, Cambridge, MA  02141-1026 _____
_____ and include
_____ **1 car off-street parking** _____ , but exclude _____
_____ [insert references to yard, attic/basement storage, refrigerator, washer, dryer, dishwasher etc., as appropriate]

3. **Lease Term.** The lease shall begin on _____ **April 1st** _____ , **2017** and shall end on _____ **August 31st** _____ , **2018** Delivery of keys to the LANDLORD or acceptance thereof shall not constitute agreement of the LANDLORD to terminate.

4. **Rent.** The total rent for the Premises for the Lease Term is  **Two Thousand, Eight Hundred**
_____ dollars ($ **2,800.00** _____ ), payable in monthly installments of
_____ **Two Thousand, Eight Hundred** _____ dollars ($ **2,800.00** _____ )
which are due in advance on the _____ **1st** _____ day of each calendar month. Rent shall be paid to
_____ **Wei He** _____ . If a payment for a particular month is made more than thirty (30) days after due date, a late fee of $ **see section (22)** _____ shall be due. **A security deposit of $2,800.00** _____ was received and a copy of receipt is attached.

5. **Time.** TIME IS OF THE ESSENCE as to each provision of the Lease.

6. **Utilities / Heating Fuel.** The LANDLORD shall pay all charges for water and shall reasonably supply hot water and heat (except to the extent that fuel for heat is separately metered to the Premises) during heating season, as required by applicable law or code. The TENANT agrees to act reasonably to avoid wasting of water, heating fuel or other utilities for which LANDLORD has agreed to pay.
Payment for the utilities listed shall be made by:

| | | | |
|---|---|---|---|
| Fuel For Heat | Landlord ☐ | Tenant ☒ | [check applicable box] |
| Fuel For Hot Water | Landlord ☐ | Tenant ☒ | [check applicable box] |
| Electricity | Landlord ☐ | Tenant ☒ | [check applicable box] |
| Gas | Landlord ☐ | Tenant ☒ | [check applicable box] |
| Water | Landlord ☒ | Tenant ☐ | [check applicable box] |

[Note: fuel, electricity, gas, water and other utilities may be billed to TENANT only where separately metered]. If Tenant has agreed to pay for water, a Water And Sewer Addendum shall be attached together with a copy of the Certificate filed by the Landlord with the local Board of Health or department having authority to enforce the State Sanitary Code.

7. **Delivery Of Premises.** On the date the Lease begins the LANDLORD shall deliver full possession of the Premises to the TENANT, free of all occupants and of all personal property, except property included in the Lease. If despite reasonable efforts the LANDLORD is unable to deliver full possession of the Premises on the date the Lease begins, the LANDLORD shall not be liable to TENANT for any loss or damage nor shall this Lease be void or voidable, but the rent for the Lease Term shall be proportionally reduced and the TENANT shall not be liable for any rent until possession is delivered. Either party may terminate this Lease by written notice if possession is not delivered within thirty (30) days after the beginning date of the Lease Term. Upon

**MASSFORMS™**
Statewide Standard Real Estate Forms     © 1999, 2002, 2010, 2012 2014 MASSACHUSETTS ASSOCIATION OF REALTORS®

Coldwell Banker - Huron Ave, 171 Huron Ave Cambridge, MA 02138     Phone: (617)483-5920    Fax: (617)876-7576     Form No. 401
Alexander Lyon         Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com     33 Jefferson Unit 2

1/12

delivery of such notice all payments made by the TENANT pursuant to this Lease shall be immediately returned and all obligations of the TENANT and LANDLORD shall terminate and this Lease shall automatically become void and neither the TENANT nor LANDLORD shall have further recourse or remedy against the other. The TENANT authorizes the LANDLORD to commence any necessary proceedings in the name of the TENANT to recover possession.

8. **Occupancy / Use / Assignment / Subletting.** The Premises shall be used solely for residential purposes for occupancy of __2__ persons of whom __0__ are under six years of age, but shall not exceed limits established by law, regulation or ordinance. Should the TENANT desire or anticipate a change in occupancy of the Premises due to adoption, birth of a child or otherwise, the TENANT shall notify the LANDLORD at least sixty (60) days in advance. The TENANT shall not assign TENANT'S rights under this Lease and shall not sublet all or part of the Premises without prior written permission of the LANDLORD. Occupancy of any part of the Premises by any person, including a guest of TENANT, for a period of ten (10) or more consecutive days or for more than a total of fifteen (15) days in any sixty (60) day period shall require written permission of the LANDLORD. If the Premises are part of a condominium, apartment building or other multiple dwelling, the TENANT agrees to abide by all rules and regulations governing such dwelling. The TENANT agrees not to use or permit the Premises to be used for any improper or unlawful purpose and agrees to limit use of the Premises so that it does not disturb or interfere with comfort, safety or enjoyment of any person living nearby, including any occupant of the condominium, apartment building or multiple dwelling.

9. **Cleanliness / Alterations / Repairs.** The TENANT shall at all times maintain the Premises in a clean and sanitary condition and in the same condition as they were at the start of the tenancy, reasonable use and wear excepted. For other maintenance or repair of the Premises, the TENANT shall notify LANDLORD or **Wei He                                                              (662)518-1345**
*[insert name, address, phone number]* If the TENANT fails to maintain, as agreed, the LANDLORD shall have the option to make such repairs, whereupon the TENANT shall reimburse the LANDLORD upon demand. The TENANT shall not paint or wallpaper any part of the Premises without LANDLORD'S written permission nor shall the TENANT make any interior or exterior alteration or change in the Premises nor shall TENANT change any lock or re-key any lock without the written permission of the LANDLORD. Should a new lock be installed or an existing lock be altered or re-keyed, the TENANT shall immediately deliver a duplicate key to the LANDLORD at TENANT'S sole expense. The TENANT shall not install any washing machine, dryer, air conditioner, space heater, waterbed or fixture without written permission of the LANDLORD. Unless otherwise agreed, any lock or fixture installed in the Premises with permission of the LANDLORD shall become the property of the LANDLORD upon termination of the Lease. No object shall be thrown from any porch, balcony or window nor kept on any railing, fire escape or windowsill. The TENANT shall not place or store any property in any common area. The TENANT shall be liable for any misuse of any plumbing fixture or equipment, including disposal of rubbish or garbage that damages any fixture or clogs any pipe. The TENANT shall maintain any surrounding grounds for which TENANT is given exclusive use, including any trees and shrubbery, keeping same free of rubbish and weeds. At the termination of the Lease the TENANT shall surrender the Premises with all keys to LANDLORD in the same condition as they now are, reasonable use and wear excepted. Should the TENANT fail to turn over all keys at the end of the Lease, the LANDLORD shall be permitted to replace the locks and keys immediately at TENANT'S sole cost and expense. The TENANT shall be responsible for all damage or loss caused to the Premises during the Lease, whether by TENANT or by any invitee or guest of TENANT, excluding acts of God or any injury or loss caused by the LANDLORD or for which the LANDLORD is statutorily liable.



10. Parking. The TENANT shall not be permitted to park or store any vehicle on the Premises or on any other property of LANDLORD, except as follows; (a) it shall be at TENANT'S sole risk and expense and (b) restricted, as follows: #__1__ vehicle(s) are permitted to park **in driveway off-street**
_____ [*insert location*]

11. **Fire / Casualty.** If the Premises or any common area providing a necessary means of egress/access to the Premises are damaged by fire or other casualty which materially interferes with the TENANT'S use of or access to the Premises, the LANDLORD may terminate the Lease by giving the TENANT written notice to become effective at the end of the then current month. If the LANDLORD has not exercised the option to terminate, the rent shall be reduced to the fair rental value of the Premises until the Premises is restored to its former condition. If the LANDLORD has not restored the Premises or egress/access within thirty (30) days, the TENANT may give notice of termination of the Lease to become effective at the end of the then current month.

12. **Government Regulations / Eminent Domain.** The LANDLORD shall not be liable for any loss, injury or damage caused by the LANDLORD'S inability to satisfy LANDLORD'S obligations or delay in satisfying LANDLORD'S obligations under the Lease resulting from any governmental order, law, code, rule or regulation, including any taking by eminent domain. Should all or part of the Premises or any necessary access/egress be taken by eminent domain or be subject to an order of condemnation which materially impairs TENANT'S access to or use of the Premises, then either party may notify the other of termination of the Lease to take effect on the effective date of taking, by thirty (30) days' written notice. Failure of TENANT to give notice of termination within thirty (30) days after the effective date of taking shall constitute a waiver. Should all or part of the Premises be taken by eminent domain, the TENANT shall have no right to any part of a *pro tanto* or other payment and hereby assigns all claims to LANDLORD.

13. **Insurance.** The TENANT shall have the obligation to procure and maintain any insurance covering personal property of TENANT from fire or other casualty. If the Premises is in a multi-unit residential dwelling, the LANDLORD will provide insurance coverage of up to $750 to cover the actual cost of relocation if the TENANT is displaced by fire or fire damage, pursuant to applicable law.

14. **Animals / Pets.** The Tenant shall be permitted to bring a service animal into the Premises according to the provisions of state and federal anti-discrimination laws. Except as provided above, the Tenant shall ☐ shall not ☒ [*check one*] be permitted to bring a live animal, bird, reptile, or pet into the Premises. If permitted, describe restrictions: _____
_____

15. **Lead Paint.** For premises built before 1978 TENANT acknowledges receipt of the "Tenant Lead Law Notification" regarding Massachusetts and federal lead laws and regulations, including notice of lead hazards and the possible presence of dangerous levels of lead. The TENANT further acknowledges that neither the LANDLORD nor any representative of LANDLORD has made any representation, express or implied, regarding the absence of lead paint or compliance with any lead law, except as set forth in writing.

16. **Entry And Inspection.** The LANDLORD or his agents or designees shall be permitted to enter the Premises at reasonable times and upon reasonable notice to TENANT for the purpose of inspecting the Premises; for the purpose of maintaining or repairing the Premises; to ensure compliance with any statute, code or regulation; or for the purpose of showing the Premises to any real estate agent, appraiser, mortgagee, prospective buyer or prospective tenant or inspector/contractor for prospective buyer/tenant.

3

MASSFORMS™ © 1999, 2002, 2010, 2012 2014 MASSACHUSETTS ASSOCIATION OF REALTORS®
Statewide Standard Real Estate Forms



Form No. 401

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com    33 Jefferson Unit

17. **Indemnification.** The TENANT agrees to indemnify, defend and hold the LANDLORD harmless from any injury, loss or damage suffered by TENANT or by any person or property that occurs at the Premises or in any common area during the Lease, except for any injury, loss or damages caused by the negligence or unlawful act of the LANDLORD or for which the LANDLORD is statutorily liable.

18. **Breach / Abandonment.** If the TENANT breaches the Lease by failure to pay rent when due, the LANDLORD may terminate the Lease by giving the TENANT a fourteen (14) day Notice To Quit for nonpayment of rent, pursuant to applicable law. If the TENANT breaches any other term or provision of the Lease or made a misstatement in any rental application or is declared bankrupt or the Premises reasonably appear to have been abandoned, the LANDLORD may terminate the Lease by giving the TENANT a seven (7) day notice to vacate, upon the expiration of which the Lease shall terminate. Entry by the LANDLORD shall not be required before termination. Issuance of a notice pursuant to this paragraph shall be without waiver or prejudice to any other right or remedy of LANDLORD. In the event of such termination the TENANT shall be obligated to pay the LANDLORD a sum equal to the balance of the rent due under the remainder of the Lease until the date of commencement of the tenancy of a new tenant for the Premises together with: a) all costs and expenses reasonably incurred by LANDLORD to restore the Premises to the same condition as they were at the beginning of the Lease, including cleaning and painting; b) moving and storage charges for any personal property of TENANT either required by law to be moved and stored or in the discretion of the LANDLORD to be moved and stored; c) any costs reasonably incurred to advertise and locate a new tenant, including broker's fees; and d) any other damages permitted to be recovered; and e) interest at the legal rate from the date of breach, costs and attorneys' fees. Delay or failure of LANDLORD to commence legal proceedings shall not constitute a waiver of any right or remedy.

19. **Attorneys' Fees.** In the event that the LANDLORD reasonably requires services of an attorney to enforce the terms of the Lease or to seek to recover possession or damages, the TENANT shall pay the LANDLORD the reasonable attorneys' fee incurred and all costs, whether or not a summary process action or other civil action is commenced or judgment is obtained.

20. **Notices.** All notices required or permitted to be made under this Lease, including any notice of violation of law or the need for care maintenance or repair, shall be in writing and may be delivered in hand, sent by certified mail, return receipt requested or sent by United States Postal Service overnight Express Mail or other overnight delivery service, addressed to the LANDLORD or TENANT or their authorized representative at the address set forth in this paragraph or to the TENANT at the Premises during the term of the Lease. Such notice shall be deemed to have been given upon delivery or, if sent by certified mail on the date of delivery set forth in the receipt or in the absence of a receipt three business days after deposited or, if sent by Express Mail or other overnight mail or delivery, the next business day after deposited with the overnight mail or delivery service, whether or not a signature is required or received. Acceptance of any notice, whether by delivery or mail, shall be sufficient if accepted or signed by a person having express or implied authority to receive same. Notice shall also be deemed adequate if given in any other form permitted by law.

| | LANDLORD | | TENANT |
|---|---|---|---|
| [print name] | Wei He | [print name] | A. E. Cholakian & Co., LLC |
| | | | |
| [address] | 202 Oakmont Rd | [address] | P.O. Box 380477, Harvard Square Station |
| | Starkville, MS  39759-5513 | | Cambridge, MA  02238 |
| [telephone] | (662)518-1345 | [telephone] | (617)821-6468 |

21. **Counterparts / Electronic Delivery / Construction Of Agreement.** This Lease may be executed in counterparts. All documents related to this rental may be delivered electronically, including by encrypted or unencrypted email or facsimile, and shall have the same effect as delivery of an original.

**MASSFORMS**™
Statewide Standard Real Estate Forms

4

© 1999, 2002, 2010, 2012 2014 MASSACHUSETTS ASSOCIATION OF REALTORS®



Form No. 401

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com          33 Jefferson Unit

4/12

The TENANT warrants under the penalty of perjury that TENANT is at least 18 years of age. If two or more persons sign as TENANT their obligations are joint and several. If any term or provision in the Lease is declared invalid, the remainder of the Lease shall not be affected. If the LANDLORD is a trust, corporation, limited liability company or entity whose representative executes this Lease in a representative or fiduciary capacity, only the principal or the trust or estate represented shall be bound, and neither the trustee, officer, shareholder or beneficiary shall be personally liable for any obligation, express or implied. This Lease shall be construed as a Massachusetts contract; is to take effect as a sealed instrument; sets forth the entire agreement between the parties; and may be canceled, modified or amended only by a writing signed by both the LANDLORD and the TENANT. Within thirty (30) days after the Lease has been signed by LANDLORD and TENANT the LANDLORD shall deliver a copy to TENANT.

22. **Additional Provisions.**
**Prior to moving in, the tenant shall pay the landlord first, last three month and security deposit. Tenants shall give landlord notice on or before 06/01/2018 to inform the landlord whether they will be renewing this lease or not. $15 late fee per day after 1st of the month and $30 per returned check. No smoking in the unit. No nails on wall. To keep the kitchen, stove, oven in clean conditions and use range hood when cooking. See addendum for additional provisions. Tenants to abide the property rules and regulations of 33 Jefferson St, Cambridge, MA 02141. All specific language of addendum and lease drafted herein have been designed solely by the owner of 33 Jefferson St, Cambridge, MA 02141**

**UPON SIGNING, THIS DOCUMENT WILL BECOME A LEGALLY BINDING AGREEMENT. IF NOT UNDERSTOOD, SEEK ADVICE FROM AN ATTORNEY.**

*A. E. Cholakian & Co., LLC*    03/15/2017 20:26:57
TENANT A. E. Cholakian & Co., LLC    Date

_____    03/15/2017 09:17 PM EDT
LANDLORD or authorized agent    Date
Wei He

_____
TENANT    Date

_____
TENANT    Date

### GUARANTEE

In consideration of the sum of one dollar ($1.00) and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, the undersigned guarantor ("Guarantor") hereby guarantees all obligations of TENANT in the Lease. All suretyship defenses and notice of default and demand are each waived.

WITNESS    GUARANTOR

_____    _____
    Date

Print Name _____
Address _____

Telephone _____

5



MASSFORMS™ © 1999, 2002, 2010, 2012 2014 MASSACHUSETTS ASSOCIATION OF REALTORS®
Statewide Standard Real Estate Forms

Form No. 401

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com    33 Jefferson Unit